Filed 4/30/21  Khoshnevis v. Toyota Motor Sales, U.S.A. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| VAHID KHOSHNEVIS, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> TOYOTA MOTOR SALES, U.S.A., INC., <br><br> Defendant and Respondent. | B301461 <br><br> (Los Angeles County Super. Ct. No. BC554887) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark V. Mooney, Judge.  Affirmed.

Rosner, Barry & Babbitt, Hallen D. Rosner, Arlyn L. Escalante; Strategic Legal Practices and Payam Shahian for Plaintiff and Appellant.

Horvitz & Levy, John A. Taylor, Jr., Joshua C. McDaniel; Sutton & Murphy, Thomas M. Murphy and Krisann K. Aquino for Defendant and Respondent.

_____

Vahid Khoshnevis appeals the trial court's order shifting costs after a jury awarded him less than the amount he would have received had he accepted a pretrial offer to compromise pursuant to Code of Civil Procedure section 998.[1] Appellant challenges the court's cost-shifting order on the ground the offer to compromise was invalid under section 998. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Khoshnevis leased a vehicle from Toyota. He had to bring it in for service six times because the check engine light blinked continuously. After about a year, he demanded that Toyota repurchase the vehicle. Toyota declined to do so. In August 2014, Khoshnevis filed a complaint against Toyota alleging violations of the Song-Beverly Consumer Warranty Act, Civil Code section 1790 et seq., commonly known as California's "lemon law."

Before trial, Toyota offered to settle the action and served an offer to compromise pursuant to section 998. Toyota offered to pay Khoshnevis $20,857.27 in restitution and $10,000 in attorney fees, and to take the vehicle back. In return, Toyota wanted Khoshnevis to deliver the car with clear title, file a request for dismissal of the action, and sign a general release. The offer was presented on pleading paper under the caption of the lawsuit. There was no general release attached to the offer. Here are the exact words of the settlement offer:

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

"Pursuant to California Code of Civil Procedure section 998, Defendant, Toyota Motor Sales, U.S.A., Inc. (hereinafter 'TMS'), hereby offers to settle/compromise this action with respect to all claims asserted in the above-captioned action against Defendant, pursuant to the following terms:

"1.     TMS will pay restitution to Plaintiff in the amount of Twenty Thousand, Eight Hundred Fifty-Seven Dollars and 27/100 ($20,857.27), which is comprised of the following:

| | |
|---|---|
| Amount paid at lease signing: | $ 4,626.79 |
| Monthly Payments (32 mos. x $350.64): | $11,220.48 |
| Additional Payment: | $ 5,000.00 |
| TOTAL PAYMENT TO PLAINTIFF: | $20,857.27 |

"2.     TMS will pay any of Plaintiff's incidental damages which are recoverable under Civil Code section 1793.2.  The damages will be subject to proof and supporting documentation.

"3.     TMS will pay Ten Thousand Dollars ($10,000.00) for Plaintiff's attorneys fees and costs or, in the alternative, TMS will pay Plaintiff's reasonably incurred attorneys fees and court costs to date, to be determined by the court.

"4.     TMS will pay off the balance of Plaintiff's lease according to proof (payoff statement), in the approximate amount of $19,500.00.

"5.     The foregoing payments by the Defendant are subject to the following:

"(a)     Plaintiff to deliver the subject vehicle (described as a 2013 Toyota Scion, VIN JF1ZNAA1701717023) to Toyota Motor Sales, U.S.A., Inc. at the time the subject payment is made and at a time and location to be designated by Defendant.  The vehicle shall be delivered with clear title (except for the known lien which TMS will pay off).

3

"(b)    The transmittal of all documentation supporting Plaintiff's damages, including loan payments and registration.

"(c)    The entry of a Request for Dismissal with prejudice on behalf of Plaintiff in favor of Defendant Toyota Motor Sales, U.S.A., Inc.

"(d)    The execution and transmittal of a general release by Plaintiff in favor of Defendant Toyota Motor Sales, U.S.A., Inc.

"(e)    To the extent not specifically provided herein, all parties shall bear their own attorneys fees and costs."

Appellant rejected the offer to compromise and the action was tried before a jury. The jury returned a verdict in favor of Khoshnevis for breach of the vehicle's implied warranty of merchantability. The verdict was in the sum of $17,259.19 which amounted to the down payment and monthly lease payments Khoshnevis had tendered on the vehicle. The damages found by the jury were less than what Khoshnevis had been offered pretrial by Toyota.

After trial, each party moved to recover attorney fees and costs from the other side. The trial court granted Toyota's motion to recover postoffer costs from Khoshnevis. The court found the section 998 offer a valid basis to shift Toyota's postoffer costs to Khoshnevis because he had failed to recover more from the jury than he had been offered in settlement by Toyota. Khoshnevis timely appealed the order.

## DISCUSSION

Appellant contends the section 998 offer to compromise was not valid because it included a vague general release that was not attached to the offer itself. We are not persuaded.

4

A. <u>We Review the Validity of an Offer to Compromise De Novo.</u>

A challenge to the validity of an offer to compromise where the facts are undisputed presents a question of law to be considered de novo. (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 797 (*Barella*).)

B. <u>The Condition that Appellant Sign a General Release Did Not Invalidate the Offer to Compromise.</u>

Section 998 provides an exception to the ordinary rule that the prevailing party in a civil lawsuit is entitled to recover its costs. Instead, when a prevailing party refuses to settle pretrial and then fails to beat the settlement offer at trial, the prevailing party may not recover its own postoffer costs and, in addition, must pay its opponent's postoffer costs. (*Ignacio v. Caracciolo* (2016) 2 Cal.App.5th 81, 86 (*Ignacio*); § 998, subd. (c)(1).)

The offering party has the burden of demonstrating that the offer is valid under section 998. The corollary to this rule is that a section 998 offer must be strictly construed in favor of the party sought to be subjected to its operation. (*Barella*, *supra*, 84 Cal.App.4th at p. 799.)

Because the trial court has to determine whether the value of the offer exceeds the trial verdict, a valid section 998 offer must be sufficiently certain to be capable of valuation. (*MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1050.) Thus, in cases where the offer includes a nonmonetary component, the offer must be evaluated in light of all the terms and conditions attached to that offer and not simply the monetary amount of the offer. Section 998 does not authorize cost-shifting every time the monetary value of the damage award is less than the monetary term of the defendant's statutory offer.

5

(*Valentino v. Elliott Sav-On Gas, Inc.* (1988) 201 Cal.App.3d 692, 697 (*Valentino*).) If the offer is not amenable to valuation, then the offer to compromise is not valid and cannot be used to shift costs onto the otherwise prevailing party.

The execution of a release as a condition invalidating an offer to compromise has been litigated in several contexts over the years. Depending on what is being released, the trial court may not be able to obtain enough information to attach a value to the overall offer and then compare it to the trial verdict for purposes of cost shifting. In different contexts, courts have decided different things. For example, some courts have decided that certain conditions attached to offers to compromise are too difficult, as a matter of law, to value and therefore those conditions invalidate an offer. (See., e.g., *Barella*, *supra*, 84 Cal.App.4th at p. 803 ["We conclude that the task of valuing a confidentiality clause attached to a settlement offer in a defamation action is too subjective and, therefore, cannot be done."].) Where an offer requires a party to forego other causes of action not included in the complaint, the condition introduces an "imponderable" which makes it impractical, if not impossible, to accurately and fairly ascertain whether the jury verdict or the offer is more favorable. (*Valentino*, *supra*, 201 Cal.App.3d at p. 699.) A condition that compels a party to release parties not involved in the litigation is invalid. (*McKenzie v. Ford Motor Co.* (2015) 238 Cal.App.4th 695, 706.) A condition that requires a party to waive "known and unknown" claims, otherwise known as a section 1542 waiver, also invalidates a section 998 offer as a matter of law. (*Ignacio*, *supra*, 2 Cal.App.5th at p. 89.) All this is to say that the trial court must be able to review the offer and

assign a value to it without having to engage in "wild speculation bordering on psychic prediction." (*Valentino*, at p. 699.)

We conclude the offer to compromise extended by Toyota to appellant is capable of valuation and therefore valid. Indeed, it is materially identical to the offer found valid in *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899 (*Goodstein*). There, the offer proposed a "full settlement of this action" with a monetary payment and the execution of a "general release" by Goodstein in favor of the bank. The release was not attached to the offer.

Like Khoshnevis, Goodstein argued the offer was not valid because a general release typically includes known and unknown claims, making the offer incapable of valuation. This argument, however, was rejected because the offer stated in "clear and unambiguous language" that the terms and conditions applied only " 'in full settlement of this action.' " (*Goodstein, supra*, 27 Cal.App.4th at p. 907.) Based on that language, the court found no significance in the description of the release as "general" and concluded the release was limited only to the claims pertinent to the underlying action that was the subject of the settlement. The offer was found valid. (*Id.* at p. 908).

Toyota's offer in this action also described the release as "general." But, as our division has already found, "The rule to be taken from *Goodstein* is not that a 'general release' does not invalidate a section 998 offer; the rule is that a release of unknown claims arising only from the claim underlying the litigation itself does not invalidate the offer." (*Ignacio, supra*, 2 Cal.App.5th at p. 89.) Here, the preamble to Toyota's offer clearly and unambiguously stated Toyota "hereby offers to settle/compromise this action with respect to all claims asserted in the above-caption action against Defendant . . . ." We find this

7

language specifically limits the proposed general release to only those claims already the subject of the litigation being settled. Given that express limitation, we hold the offer is susceptible to valuation and is therefore a valid basis to shift costs under section 998.

Appellant argues Toyota's "general release" would have included a section 1542 waiver of known and unknown claims and was therefore invalid. We reject appellant's speculation as it contradicts the unambiguous preamble of the offer and has no other basis in fact. We also reject appellant's argument that failing to attach the actual release to the offer to compromise invalidated the offer. We have found no authority mandating that a release itself be presented with the offer and we hold it is unnecessary to do so where the offer otherwise appropriately limits the breadth of the release.

C.    <u>We Decline to Consider Issues Appellant Has Raised But Not Argued or Supported With Authority.</u>

In one paragraph in his Opening Brief, appellant has listed five other issues which he contends invalidate the offer to compromise. Appellant neither argues nor explains these issues. Neither does he provide legal authority specific to each individual issue. Accordingly, we decline to consider these issues. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [when an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as waived.].)

8

## DISPOSITION

The order is affirmed.  Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

BIGELOW, P. J.

WILEY, J.

9